IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02703-DDD-KAS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

MARIANNE APODACA,

    Intervenor Plaintiff,

v.

MILE HI FOODS, CO.,
MILE HI EMPLOYEE GROUP, INC.,
MILE HI BAKERY, INC., also known as Colorado Bakery, LLC, also known as Bimbo QSR Colorado, LLC,
MILE HI CORPORATE SERVICES, LLC, and
MILE HI WAREHOUSING & LOGISTICS, CO.,

    Defendants.
_____

**ORDER ON MOTION TO STAY DISCOVERY [#49]**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter comes before the Court on **Defendant Bimbo QSR Colorado, LLC's Motion to Stay Discovery as to QSR Pending Resolution of its Motion to Dismiss Plaintiffs' Complaints** [#49] (the "Motion" or "QSR's Motion to Stay"). Defendant Bimbo QSR Colorado, LLC ("QSR")[1] asks the Court to stay all discovery as to it pending a ruling on its Motion to Dismiss [#38]. *See Motion* [#49] at 1. Plaintiff Equal Employment

---

[1] QSR states that it "is incorrectly named in Plaintiffs' Complaints as 'Mile Hi Bakery, Inc., also known as Colorado Bakery, LLC, also known as Bimbo QSR Colorado, LLC'" and objects to being characterized as a Mile Hi entity. The Court will refer to the Defendant as "QSR" and not address QSR's relationship with Mile Hi or any of Mile Hi's related entities.

Opportunity Commission ("EEOC") filed a Response [#61] (the "EEOC's Response"). Intervenor Plaintiff Marianne Apodaca also filed a Response [#62] (Plaintiff Apodaca's Response"). Defendant QSR filed a Reply [#68]. Pursuant to 28 U.S.C. § 636(b) and the Order Referring Case [#30], the Court has reviewed the briefs, the entire case file, and the applicable law. For the reasons set forth, the Motion [#49] is **DENIED**.

## I.   Background

This matter arises from Plaintiff Apodaca's alleged retaliatory termination following her complaints about Mile Hi's hostile work environment and discriminatory hiring practices on the basis of sex, ethnicity, national origin, and race and/or color while she was employed there as a Human Resources Manager from September 21, 2015, through April 24, 2019. *Compl.* [#1] at 13-16; *Intervenor Compl.* [#20-2] ¶¶ 15-16, 239-287.

Defendant QSR moved to dismiss the claims against it, arguing that Plaintiffs failed to exhaust administrative remedies as to QSR and that QSR never employed her, was not involved in EEOC's yearslong investigation, was not invited to participate and did not participate in the 2024 conciliation of the Charge with EEOC, and did not receive notice of the failure of conciliation. *QSR's Motion to Dismiss* [#38] at 2. Separately, Defendants Mile Hi Foods, Co., Mile Hi Corporate Services, LLC, and Mile Hi Warehousing & Logistics, Co. moved to dismiss the second and third claims for relief, as well as any part of the first claim for relief premised on a failure to hire that is more than 300 days before the filing of the initial EEOC charge. *Mile Hi Defs' Partial Motion to Dismiss* [#54] at 2-3. Defendant QSR now asks the Court to stay discovery as to it pending resolution of its Motion to Dismiss [#38]. *Motion* [#49] at 1.

## II.     Analysis

The District of Colorado generally disfavors stays of discovery. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009). However, the decision to stay discovery rests within the trial court's discretion. *McGinn v. El Paso County, Colorado*, 640 F. Supp. 3d 1070, 1074 (D. Colo. 2022).

When considering a stay of discovery, courts in this district consider five factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05-cv-01934-LTB-PAC, 2006 WL 894955 (D. Colo. Mar. 30, 2006) (staying discovery pending a ruling on a motion to dismiss). Defendant argues that the *String Cheese* factors warrant a stay, while Plaintiffs EEOC and Apodaca argue that the factors weigh against a stay. *Se Motion* [#49] at 7; *Pl. EEOC's Response* [#61] at 2; *Pl. Apodaca's Response* [#62] at 4-8.

In exercising its discretion, the Court considers the following factors: (1) Plaintiffs' interest in proceeding expeditiously with discovery and the potential prejudice to Plaintiffs of a delay; (2) the burden on Defendant QSR by proceeding with discovery; (3) the convenience to the Court; (4) nonparties' interests in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

**A.     Plaintiffs' Interest**

Plaintiffs generally have an interest in expeditious litigation. *See, e.g., Rivera v. Maldonado*, No. 21-cv-01119-CMA-NYW, 2021 WL 5050425, at *2 (D. Colo. Nov. 1, 2021). Plaintiff Apodaca argues that although she "has not caused any delay in the filing of this civil action," nearly six years have passed since her employment termination, and

3

"as witness memories fade and evidence continues to grow stale, the truth-seeking functions of litigation are frustrated, and a just resolution becomes more difficult." *Pl. Apodaca's Response* [#62] at 4-5 (quoting *Harrison v. Envision Mgmt. Holding*, No. 21-cv-00304-CNS-MDB, at *9 (D. Colo. Aug. 3, 2023) (internal quotations omitted). Additionally, Plaintiff Apodaca argues that she is entitled to obtain discovery because "information about QSR's acquisition of Mile Hi Bakery, Inc. is essential to discover prior to determining QSR's motion to dismiss" because she seeks to establish the existence of successor liability to defeat Defendant's Motion to Dismiss. *Pl. Apodaca's Response* [#62] at 5-6.

Defendant QSR argues that a stay of discovery would not hinder Plaintiffs' ability to fully engage in discovery as to the other Defendants. *Motion* [#49] at 8. Moreover, QSR argues that "any minor delay caused by a temporary stay of discovery as to one of the six defendants in this case would be insignificant compared to the duration of this dispute thus far." *Id*.

The Court finds Defendant QSR's argument unpersuasive. While the length of a temporary stay pending resolution of Defendant's Motion to Dismiss may be insignificant compared to the duration of this dispute, Plaintiffs still maintain an interest in an expeditious resolution.[2] After all, "with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed." *Collins v. Ace Mortg. Funding,*

---

[2] Although Plaintiff Apodaca filed her Charge of Discrimination with the EEOC on October 22, 2019, the EEOC did not issue a Letter of Determination until April 23, 2024, or issue a Notice of Failure of Conciliation until August 14, 2024, and it did not commence this litigation until September 30, 2024. *See Intervenor Compl*. [#20-2] ¶¶ 8-11. Nevertheless, the pace of the EEOC's investigative and administrative procedures is irrelevant to the Court's analysis of Plaintiff Apodaca's interest in expeditious pursuit of discovery against Defendant QSR.

*LLC*, No. 08-cv-01709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008) (denying motion to stay discovery pending motions to dismiss).

Additionally, as Plaintiff Apodaca argues, discovery could determine whether Defendant knew or should have known of Plaintiff Apodaca's EEOC Charge. *See Pl. Apodaca's Response* [#62] at 6. The liability of a company that acquires and operates the business of an employer found guilty of Title VII violations may be held liable for a predecessor's unlawful conduct, but this liability "must be determined on a case by case basis." *Jackson v. Lockie Corp.*, 108 F. Supp. 2d 1164, 1167 (D. Colo. 2000) (quoting *E.E.O.C. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1091 (6th Cir. 1974)). The issues of whether Defendant QSR is a successor to Plaintiff Apodaca's former Mile Hi employer and whether a successor company should be liable under Title VII are a mix of law and fact. *See Scott v. Sopris Imps. Ltd.*, 962 F. Supp. 1356, 1359 (D. Colo. 1997). Discovery would help elucidate the facts necessary to resolve those issues. Therefore, the Court finds that the first *String Cheese* factor weighs against staying discovery as to Defendant QSR.

**B.     Burden on Defendants**

Defendant QSR's Motion to Dismiss is briefed and pending decision. *Motion to Dismiss* [#38]. In it, QSR argues that it was not involved in the alleged violations that occurred during Plaintiff Apodaca's employment with Mile Hi Bakery, which ended in 2019, because it acquired Mile Hi Bakery, Inc. in 2023. *Motion to Dismiss* [#38] at 2, 4. Defendant QSR also argues that Plaintiffs failed to exhaust their administrative remedies as to it. *Id.* at 2. Additionally, QSR states that the "filing of the EEOC Complaint was the first notice QSR received of its purported involvement in this dispute." *Id.* Thus, in its quest

5

for a partial stay, Defendant QSR argues that "[p]ermitting onerous discovery . . . would compound the prejudice" resulting from a deprivation of QSR's "statutory rights and [Plaintiffs' failure to provide the] required notice of the purported claims against it." *Reply* [#68] at 7-8.

In its opposition to a partial stay, Plaintiff EEOC argues that any burden imposed on QSR "is no more than what any defendant will normally face after being named in a lawsuit" and that "Plaintiffs each seek only the presumptive limit of 25 interrogatories and a similar 25 requests for production and 25 requests for admission." *Pl. EEOC's Response* [#61] at 6 (contrasting with *Warad W. LLC v. Sorin CRM USA Inc.*, No. 14-cv-03242-WJM-KLM, 2015 WL 1577635, at *2 (D. Colo. Apr. 3, 2015) (finding second *String Cheese* factor weighed in favor of a stay where the plaintiff sought discovery that far exceeded the presumptive limits).

Defendant QSR has not sufficiently explained how the discovery that Plaintiffs seek is burdensome enough to overcome this District's general disfavor of stays of discovery. *See Bustos*, 257 F.R.D. at 623; *see also E.E.O.C. v. Los Indios, Inc.*, No. 09-cv-02316-PAB-MEH, 2011 WL 93724, at *2 (D. Colo. Jan. 11, 2011) (expressing an inability to "determine the extent of the burden" because the defendant did not "submit affidavits or otherwise explain in detail the nature and extent of the claimed burden or expense," and the defendant's claims of being in "severe financial distress" were "unsupported statements").

Instead, Defendant focuses on its alleged lack of involvement in Plaintiff EEOC's investigation and conciliation of Plaintiff Apodaca's EEOC Charge, the content of Plaintiffs' complaints, and the issue of its relationship with Mile Hi Bakery. *Reply* [#68] at

6

7-8. These arguments are central to QSR's Motion to Dismiss [#38]; however, a motion to stay "is not the appropriate context to argue the merits of [a] [m]otion to [d]ismiss" and the *String Cheese* factors do not require consideration of a dispositive motion's likelihood of success. *Barrington v. United Airlines, Inc.*, 565 F. Supp. 3d 1213, 1217 (D. Colo. 2021). Therefore, the Court finds that the second *String Cheese* factor weighs is neutral as to whether a partial stay of discovery should be granted.

C.   **Convenience to the Court**

An ill-advised stay may inconvenience the Court by making its "docket less predictable and, hence, less manageable." *Ashaheed v. Currington*, No. 17-cv-03002-WJM-SKC, 2019 WL 11690136, at *2 (D. Colo. Nov. 4, 2019) (granting a motion to stay pending a motion to dismiss in which the defendant raised a qualified immunity defense) (internal citation and quotation marks omitted).

Courts have more frequently imposed a stay when movants raised issues relating to jurisdiction or immunity, whereas motions to dismiss "relating to a failure to state a claim are not unique nor do they raise similar concerns that the defendants are unnecessarily subject to litigation." *Baldwin v. United States*, No. 11-cv-02033-MSK-KLM, 2011 WL 5177698, at *2 (D. Colo. Nov. 1, 2011). Here, Defendant QSR has filed a Motion to Dismiss for Failure to State a Claim [#38]. Accordingly, the third *String Cheese* factor weighs neutrally as to staying discovery.

D.   **Non-Parties' Interest**

Regarding the fourth factor, Defendant QSR argues that no non-parties have an interest in proceeding with discovery now, and thus, this fourth factor is neutral. *Motion* [#49] at 11 (citing *Minter v. City of Aurora*, No. 20-cv-02172-RM-NYW, 2021 WL 735910,

7

at *9 (D. Colo. Feb. 25, 2021)). Plaintiff EEOC argues that it seeks relief for aggrieved individuals who are not themselves parties to the case. *Pl. EEOC's Response* [#61] at 8. Plaintiff Apodaca similarly argues that "there will be more aggrieved individuals," such as those who were "unlawfully not selected for employment" and that "the failure of QSR to participate in discovery will likely prejudice such individuals." *Pl. Apodaca's Response* [#62] at 7.

While non-parties may have an interest in this case generally, Plaintiffs have not expressed how non-parties have an interest in obtaining discovery against Defendant in particular. Accordingly, the fourth *String Cheese* factor neither weighs in favor nor against staying discovery.

**E.     The Public's Interest**

Regarding the fifth and final factor, Plaintiff EEOC argues that a stay of discovery "would harm the public's interest in both remedying past discrimination as well as preventing ongoing discrimination." *Pl. EEOC's Response* [#61] at 9. Plaintiff Apodaca argues that "more passage of time is an overall detriment to an efficient and just resolution of her claims," which is within the "public's primary interest." *Pl. Apodaca's Response* [#62] at 7-8.

Defendant QSR argues that "the public's only interest in this case is an efficient and just resolution [and] avoiding wasteful discovery efforts[.]" *Motion* [#49] at 11 (quoting *United Food & Com. Workers Int'l Union, Loc. No. 7 v. King Soopers, Inc.*, No. 13-cv-02335-RM-KMT, 2014 WL 2536489, at *2 (D. Colo. June 5, 2014)) (internal quotations omitted). QSR also argues that the public interest "is in adherence to and enforcement of Title VII's administrative scheme, which Plaintiffs have disregarded in this case[.]" *Reply*

8

[#68] at 9.

While the Court acknowledges that the public maintains an interest in adherence to and enforcement of Title VII's administrative procedures, the extent to which Plaintiffs adhered to these procedures is a matter for adjudication of Defendant's Motion to Dismiss, not Defendant's Motion to Stay.

The Court, however, agrees with Plaintiff Apodaca and Defendant QSR that the public has an interest in the efficient and just resolution of this case. The Court must balance the "general public interest in the speedy resolution of legal disputes" with the public interest in "avoiding unnecessary expenditures of public and private resources on litigation." *Ashaheed*, 2019 WL 11690136, at *3 (quoting *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *4 (D. Colo. July 30, 2015)) (internal quotations omitted).

If the Court were to grant Defendant's Motion to Stay and then deny its Motion to Dismiss, the resulting delay in the discovery process would cut against the public's interest in a speedy resolution of legal disputes. From a practical standpoint, motions to dismiss "are denied more often than they result in the termination of a case"; therefore, any delay may prove unnecessary. *Webb v. Brandon Exp. Inc.*, No. 09-cv-00792-WYD-BNB, 2009 WL 4061827, at *2 (D. Colo. Nov. 20, 2009) (denying a motion to stay discovery pending determination of motions to dismiss). Accordingly, the Court finds that the fifth *String Cheese* factor weighs against staying discovery.

### III. Conclusion

Having considered all five *String Cheese* factors, the Court finds that each factor either weighs neutrally or against granting a stay of discovery. Accordingly, Defendant QSR's Motion to Stay [#49] is **DENIED**.

Dated: April 29, 2025                               BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge